UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case Nos.:   1:22cr12/AW/MAL
                                                   1:24cv12/AW/MAL

JORGE MARIO VELASQUEZ

---

## REPORT AND RECOMMENDATION

Jorge Mario Velasquez filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 claiming counsel was constitutionally ineffective because he did not object at sentencing to alleged "double counting," that resulted in a harsher sentence. ECF No. 164. The Government filed a response in opposition. ECF No. 167. After careful consideration of the record, I recommend the motion be denied without an evidentiary hearing. Velasquez's motion is based on an erroneous factual premise, and he is not entitled to relief.

I.  **BACKGROUND**

On May 24, 2022, a federal grand jury charged Velasquez in a three-count indictment with (1) conspiring to distribute and possess with intent to distribute 1 kilogram or more of a mixture containing heroin, (2) possessing with intent to distribute 100 grams or more of heroin, and (3) possessing a firearm in furtherance

of a drug trafficking crime. ECF No. 1. On August 30, 2022, Velasquez entered a plea of guilty to all three counts. ECF Nos. 50, 55, 56, 57.

According to the Second Final Presentence Investigation Report (PSR), Velasquez had a base offense level of 32. ECF No. 118, PSR ¶ 36. He received a two-level adjustment under U.S.S.G. § 2D1.1(b)(12) because he maintained a premises for the purposes of manufacturing or distributing a controlled substance, and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. PSR ¶¶ 38, 44, 45. Important to the claim raised in Velasquez's motion, the PSR specifically stated that Velasquez did not receive a two-level increase for possession of a dangerous weapon because he had also been charged with possession of a firearm in furtherance of a drug trafficking crime. PSR ¶ 37. With a total offense level of 31, and a criminal history category of II, the applicable guidelines range as to Counts 1 and 2 was 121 to 151 months. PSR ¶ 77.

The district court sentenced Velasquez at the low end of the guidelines range to a term of 121 months' imprisonment on Counts 1 and 2, followed by the statutory mandatory consecutive 60-month term on Count 3. ECF Nos. 120, 121. Judgment was entered on December 13, 2022. *Id.* Velasquez did not appeal, and his conviction became final when the time for doing so expired, on December 27, 2023. *See* Fed.R.App.P. 4(b)(1)(A)(i); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir.

2011). The instant motion, dated January 11, 2024, is facially untimely, but the Government does not challenge its timeliness. Rather, the Government argues the motion should be denied, as it is without merit.

## II.  DISCUSSION

Velasquez's sole claim for relief is that counsel was constitutionally ineffective for not objecting to the application of a two-point enhancement for possession and use of a firearm or dangerous weapon in his PSR.[1] ECF No. 164 at 4. As noted above, not only was the two-point enhancement of which Velasquez complains **not** applied, the PSR specifically explained **why** it was not applied. PSR at ¶ 37.

Velasquez claim is based on an erroneous factual assertion about the application of an enhancement, which is conclusively refuted by the record. Counsel had no need to object because the enhancement was not applied. Velasquez has therefore failed to show that his counsel was ineffective. He is not entitled to relief.

## III.  CONCLUSION

An evidentiary hearing is not necessary because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C.

---

[1] Velasquez cites U.S.S.G. § 2K2.4, instead of § 2D1.1(b)(1).

§ 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Velasquez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which relies entirely on an error of fact, should be denied.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.   Velasquez's motion to vacate, set aside, or correct sentence, ECF No. 164, be DENIED.

2.   A certificate of appealability be DENIED.

DONE on August 19, 2025.

                                       s/ *Midori A. Lowry*
                                       Midori A. Lowry
                                       United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>   An objecting party must serve a copy of its objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.